IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Timothy Howard, | : | |
| Petitioner | : | Civil Action 2:11-cv-00057 |
| v. | : | Judge Watson |
| Warden, Ross Correctional Institution, | : | Magistrate Judge Abel |
| Respondent | : | |

## ORDER

This matter is before the Magistrate Judge on petitioner Timothy Howard's January 18, 2011 motion for discovery (doc. 2).

Petitioner seeks the following: both sets of pictures that were taken at the scene; interviews of witnesses; forensic test results; and all transcripts. Petitioner also seeks the grand jury statements of the prosecutors. Petitioner maintains that the prosecution made incorrect statements to the grand jury that were repeated to the trial jury during opening and closing statements. Petitioner seeks Detective Barnette's summary following her interview of petitioner in addition to her forwarding address. Petitioner maintains that her summary was crucial, but Detective Barnette transferred jobs and could not be located for trial. Petitioner maintains that by not having Detective Barnette available to authenticate her summary of her interview with him denied him a fair trial. Petitioner also seeks the reports of the first responding officers, Byrd, Evans, and Shulls,

1

and Detective Murray's police report and summary. Petitioner maintains he is innocent of the crime and is entitled to the evidence to demonstrate his innocence.

A habeas corpus petitioner is not entitled to discovery as of right. *Bracy v. Gramley*, 117 S.Ct. 1793, 1796-97 (1997). Under the provisions of Rule 6(a), Rules Governing Section 2254 Proceedings in the United States District Court, a petitioner "shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause grants leave to do so, but not otherwise." Discovery is warranted only where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief [.]" *Harris v. Nelson*, 394 U.S. 286, 299 (1969), quoted in *Bracy v. Gramley*, 117 S.Ct. at 1799. Finally, if a petitioner had the opportunity to develop the facts in the state courts but failed to do so, discovery may be barred by the Antiterrorism and Effective Death Penalty Act of 1996. *See* 28 U.S.C. § 2254(e)(2)(A)(ii). *See Keeney v. Tamayo-Reyes*, 112 S.Ct. 1715 (1992) (Requiring a showing of cause for the failure to develop the facts in the state court and the resulting prejudice if the discovery is not permitted in federal court).

Here, petitioner has not identified any discovery that he believes he needs to respond to the Return of Writ. As a result, plaintiff's motion is DENIED. If plaintiff chooses to re-file his motion, he must identify what discovery he believes is necessary in order to respond to the Return of Writ.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

For the reasons stated above, petitioner Timothy Howard's January 18, 2011 motion for discovery (doc. 2) is DENIED.

s/ Mark R. Abel
United States Magistrate Judge